**UNITED STATES of America, Appellee,**

v.

**Hector Mario LATORRE– BENAVIDES, Defendant– Appellant.**

**Docket No. 00–1475.**

United States Court of Appeals, Second Circuit.

Submitted Jan. 12, 2001.

Decided Feb. 26, 2001.

Loretta E. Lynch, United States Attorney for the Eastern District of New York, (Emily Berger, Carolyn Pokorny, Assistant United States Attorneys, Brooklyn, NY, of counsel), for Appellee.

The Legal Aid Society, (Darrell B. Fields, Federal Defender Division, Appeals Bureau, New York, NY, of counsel), for Defendant–Appellant.

Before: KEARSE, JACOBS, and CABRANES, Circuit Judges.

PER CURIAM:

Defendant Hector Mario Latorre Benavides ("Latorre") appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York, Sterling Johnson, Jr., *Judge,* following his plea of guilty to unlawfully reentering the United States without the permission of the United States Attorney General, after having been deported following conviction of an aggravated felony, in violation of 8 U.S.C. § 1326. Pursuant to § 1326(b), Latorre was sentenced principally to 46 months' imprisonment. On appeal, he contends that under the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), § 1326(b), which authorizes a prison term of up to 20 years for a person whose deportation was subsequent to a conviction for commission of an aggravated felony, must be construed as setting out an offense distinct from that set out in § 1326(a), which does not mention prior convictions and limits the term of imprisonment to two years. Latorre argues that because the indictment did not allege his prior conviction, it set forth only the elements of § 1326(a), and the maximum prison term that could lawfully have been imposed on him was thus two years. Although the judgment of conviction requires a clerical correction, we reject Latorre's contentions and affirm.

Latorre expressly recognizes that the Supreme Court's decision in *Almendarez-Torres v. United States,* 523

**264**

U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), "forecloses [ ]his argument" (Latorre brief on appeal at 3), and that the Supreme Court in *Apprendi* "declin[ed] to overrule *Almendarez–Torres*" (Latorre brief on appeal at 10); Latorre states that he has pursued this appeal simply in order to preserve his argument for review by the Supreme Court (*see* Latorre brief on appeal at 3). We agree that the issue raised by Latorre is squarely governed by *Almendarez–Torres* and is foreclosed. *Almendarez–Torres* held that § 1326(b) does not set out a separate offense but rather is a penalty provision with respect to a violation of § 1326(a) and merely increases the authorized prison term for an unlawfully reentering alien based on his predeportation conviction for an aggravated felony. *See* 523 U.S. at 235, 118 S.Ct. 1219. The *Apprendi* Court, in stating that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 120 S.Ct. at 2362–63, carved out an exception that is applicable to violations of § 1326 by stating that the *Apprendi* requirement is applicable to facts "[o]ther than the fact of a prior conviction," *id.* at 2362. Accordingly, we affirm Latorre's conviction on the basis of *Almendarez–Torres v. United States.*

We note that the judgment in this case contains a typographical error, stating that the statutory provision violated by Latorre was " § 1236(a)." On remand, the district court should correct the judgment to refer instead to § 1326(a).

We have considered all of Latorre's contentions on this appeal and have found in them no basis for reversal. The conviction is affirmed, and the matter is remanded for correction of the judgment.