UNITED STATES of America,
Appellee,

v.

Jose Antonio CAMINERO,
Defendant–Appellant.

No. 00–1414.

United States Court of Appeals,
Second Circuit.

March 19, 2001.

William Clauss, Federal Defender, Western District of New York; Jay S. Ovsiovitch, on the brief, Rochester, NY, for appellant.

Denise E. O'Donnel, United States Attorney, Western District of New York; Marc S. Gromis, Assistant United States Attorney, on the brief, Buffalo, NY, for appellee.

Present WALKER, Chief Judge,
OAKES, and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is VACATED, and the case is REMANDED for resentencing.

Defendant-appellant Jose Antonio Caminero appeals from a May 18, 2000 judgment of the United States District Court for the Western District of New York (Siragusa, J.) convicting him of being found in the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and sentencing him to 76 months' imprisonment.

On February 9, 2000, Caminero pleaded guilty to one count of being "found" unlawfully in the United States after deportation, in violation of 8 U.S.C. § 1326(a). In the plea agreement, Caminero stipulated to a sentence range of 57 to 71 months, based on an agreed-to offense level of 21 and Criminal History Category ("CHC") of IV. Prior to sentencing, the United States Probation Office prepared a presentence report ("PSR"), which concluded, *inter alia,* that Caminero's CHC was V, not IV. The PSR determined that the instant offense had been committed while Caminero was on supervised release from his prior conviction and less than two years after being released from custody on that prior conviction.

Neither the government nor Caminero objected to the PSR. The district court accordingly adopted the PSR's conclusions in substantial part, including its reliance on CHC V, and sentenced him to 76 months' incarceration. Caminero appealed.

On appeal, Caminero argues that (1) his sentence is unconstitutional because the government failed to allege his prior conviction in the indictment; (2) his sentence was based on an erroneous criminal history calculation; and (3) the government abrogated the plea bargain by failing to object to the PSR. We reject Caminero's first and third contentions, but agree that the district court erred in applying CHC V rather than CHC IV. Accordingly, we remand for resentencing.

■ Caminero first argues that the government failed to allege in the indictment Caminero's prior aggravated felony, on the basis of which his sentence was "enhanced" by the district court. Section 1326(a) of Title 8 provides a baseline maximum sentence of two years' imprisonment, but § 1326(b)(2) provides for a maximum of twenty years imprisonment if the defendant had been deported for commission of an aggravated felony. Caminero contends that, absent inclusion of his prior felony in the charge, the maximum constitutional sentence he could receive would be two years, under 8 U.S.C. § 1326(a). This argument has been squarely rejected by the Supreme Court in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Caminero argues, however, that *Almendarez–Torres* was "overrul[ed] sub silentio" (Blue at 12) by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have recently rejected that very proposition. *See United States v. Latorre-Benavides*, 241 F.3d 262 (2d Cir.2001). We therefore reject this claim of error.

■ Second, Caminero complains, and the government agrees, that the district court used the wrong CHC in sentencing him. Caminero contends that the district court treated his offense as committed on the date he "reentered" the United States rather than on the date he was "found" in the United States, the precise offense of which he was convicted. The court acceded to the PSR's conclusions that (1) Caminero was still on supervised release for a previous offense when he committed the present offense; and (2) he committed the present offense within two years after being released from custody for the prior

offense. The government concedes that Caminero's failure to raise the claim before the district court does not bar its consideration here, because the district court's error was plain. We agree and therefore vacate and remand the case for resentencing under the proper CHC.

Crucial to our decision is the fact that Caminero was charged with, and pleaded guilty to, being found in the United States illegally after deportation, rather than the conceptually similar offense of unlawfully reentering the United States after deportation. For sentencing purposes, the date the offense was committed is considered to be the date the defendant was found, not the date the defendant reentered the United States illegally. *See United States v. Rivera–Ventura*, 72 F.3d 277, 281–82 (2d Cir.1995).

Seen in that light, Caminero's offense was committed on the date he was found in the United States, November 29, 1999. He was released from his prior incarceration in May 1995, and his supervised release expired in May 1998. Consequently, neither U.S.S.G. § 4A1.1(d) (offense committed while on supervised release) nor § 4A1.1(e) (offense committed within two years after release from custody) applies here, and Caminero received three criminal history points more than he deserved.[1] He should have been assigned nine criminal history points, constituting a CHC of IV, with a concomitant sentence range of 57 to 71 months. *See* U.S.S.G. ch. 5, pt. A (sentencing table). This was plain error, as the government concedes, and thus Caminero's failure to object in the district court does not bar his raising it on appeal. *See* Fed.R.Crim.P. 52(b).

1. The government argues that Caminero also received an additional point that he did not deserve. Caminero does not press this point, however, and any error in that respect is immaterial because its would not alter his CHC: having either eight or nine criminal history points puts a defendant in CHC IV. *See* U.S.S.G. ch. 5, pt. A (sentencing table).

Finally, because we decide that the district court erred in calculating Caminero's CHC, we do not reach his claim that the government abrogated the plea agreement by failing to object to the erroneous PSR. We note our skepticism of this theory, however, particularly in light of the fact that Caminero himself failed to object to the PSR or the district court's CHC calculation.

Accordingly, the judgment of the district court is hereby VACATED, and the case is REMANDED for resentencing.