# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JOSE ANTONIO ZEPEDA-OLIVAS,
　　　　　*Defendant-Appellant.*

No. 00-4363

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-17)

Submitted: March 30, 2001

Decided: April 23, 2001

Before MOTZ, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John McLeod Tutterow, Asheville, North Carolina, for Appellant.
Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTOR-
NEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jose Antonio Zepeda-Olivas appeals his sentence for unauthorized reentry of a deported alien in violation of 8 U.S.C.A. § 1326(a) (West 1999). Zepeda-Olivas' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting ineffective assistance of counsel, but stating that, in his view, there are no meritorious grounds for appeal. Zepeda-Olivas has filed a pro se supplemental brief augmenting his attorney's ineffective assistance claim and asserting the district court was incorrect in treating his prior aggravated felony conviction as a sentencing factor rather than an element of the offense. Finding no reversible error, we affirm.

Zepeda-Olivas first contends he received ineffective assistance of counsel in the district court that resulted in an improper sentence. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, the presumptive rule is that ineffective assistance of counsel claims must be pursued under 28 U.S.C.A. § 2255 (West Supp. 2000). *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *See King*, 119 F.3d at 295. Because review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we conclude Zepeda-Olivas' claim must be brought, if at all, in a § 2255 proceeding, not on direct appeal.

In his pro se supplemental brief, Zepeda-Olivas also claims the Government was required to treat his prior felony conviction as an element of the offense rather than a sentencing factor. Because the Supreme Court has held that § 1326(b)(2) sets forth a sentencing factor rather than an element of the offense, this claim is without merit. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Contrary to Zepeda-Olivas' assertions, we find that this case was not overruled by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Latorre-Benavides*, 241 F.3d 262, 264 (2d Cir. 2001); *United States v. Thomas*, ___ F.3d ___, 2001 WL 178506, at *5 (11th Cir. Feb. 23, 2001) (No. 99-12367); *United States v. Terry*, 240 F.3d

65, 73-74 (1st Cir. 2001); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir. 2000), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Mar. 5, 2001) (No. 00-8814); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1214 (2001); *United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir. 2000) (en banc); *see also Columbia Union Coll. v. Clarke*, 159 F.3d 151, 158 (4th Cir. 1998) (stating that lower courts should not presume the Supreme Court has overruled one of its cases by implication; courts must follow case law that directly controls unless clearly overruled by subsequent Supreme Court case), *cert. denied*, 527 U.S. 1013 (1999).

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Zepeda-Olivas' sentence for unauthorized reentry of a deported alien. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*