**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William CRUZ–GARCIA, aka "William
Cruz", aka "William Vera–Cruz", aka
"Jose Lopez", Defendant–Appellant.**

Docket No. 00–1775.

United States Court of Appeals,
Second Circuit.

May 10, 2001.

Kent B. Sprotbery, Federal Public Defender's Office, Albany, NY; Alexander Bunin, Federal Public Defender for the Northern District of New York and Vermont, on the brief, for appellant.

Barbara D. Cottrell, United States Attorney's Office for the Northern District of New York, Albany, NY; Daniel J. French, United States Attorney and Tina E. Sciocchetti, Assistant United States Attorney, on the brief, for appellee.

Present JACOBS, PARKER and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

Defendant William Cruz–Garcia appeals from a judgment of conviction entered in the United States District Court for the Northern District of New York (Kahn, J.) following his plea of guilty to unlawfully reentering the United States without the permission of the United States Attorney General after having been deported following conviction of an aggravated felony, in violation of 8 U.S.C. § 1326. Cruz–Garcia appeals on the ground that a prior felony conviction is an element of the offense of reentry following deportation after a felony conviction, and not merely a sentence enhancement factor contained in § 1326(b), and that the indictment must therefore include the element of a prior felony conviction under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Cruz–Garcia expressly concedes that this issue has been resolved against him by the United States Supreme Court in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that § 1326(b) does not set out a separate offense but rather is a penalty provision with respect to a violation of § 1326(a) and merely increases the authorized prison term), and that we recently upheld the continued viability of *Almendarez–Torres* in the wake of *Apprendi, see United States v. Latorre–Benavides,* 241 F.3d 262, 263–64 (2d Cir.2001) (per curiam) ("[W]e affirm [defendant's § 1326(b)] conviction on the basis of *Almendarez–Torres v. United States.*"). Nonetheless, he raises this issue here to preserve it for further review in the Supreme Court.

The issue Cruz raises is squarely controlled by *Almendarez–Torres* and *Latorre–Benavides,* and it is foreclosed. Accordingly, we affirm.