**UNITED STATES of America, Appellee,**

v.

**Colin Charles GRANT, Defendant– Appellant.**

**Docket No. 00–1560.**

United States Court of Appeals, Second Circuit.

June 13, 2001.

Michael O'Brien, Syosset, N.Y., for appellant.

Assistant United States Attorney Christina B. Dugger; Assistant United States Attorney Jo Ann M. Navickas, on the brief, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for appellee.

Present LEVAL, SACK, and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendant appeals from a sentence entered after a plea of guilty to illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326(a). He contends that the district court erred in calculating his sentence by adding two levels under Section 4A1.1(d) of the Sentencing Guidelines by reason of his being on parole at the time of the offense.

Defendant had been previously convicted in New York State courts, had been placed on parole for purposes of deportation, and remained on parole at the time he was found illegally in the United States. We find no merit in defendant's contention.

Defendant also contends in a pro se brief (1) that he was denied effective assistance of counsel because his trial counsel failed to argue at trial, as defendant allegedly requested, that he was denied counsel in the underlying deportation proceedings, and (2) that his sentence pursuant to the penalty provisions of 8 U.S.C. § 1326(b)(2) is illegal under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We decline to entertain the former contention because it depends on communications between the defendant and his trial attorney that are not matters of record. *See United States v. Workman,* 80 F.3d 688, 700–01 (2d Cir.1996). The latter contention lacks merit because the

Supreme Court in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), held that 1326(b) "does not set out a separate offense but rather is a penalty provision with respect to § 1326(a)," and because the *Apprendi* decision expressly declined to overrule the holding of *Almendarez–Torres. See United States v. Latorre–Benavides,* 241 F.3d 262, 263–64 (2d Cir.2001), *cert. denied,* — U.S. ——, 121 S.Ct. 201, 149 L.Ed.2d 10143 (2001).