**UNITED STATES of America,**
**Appellee,**

v.

**Ricardo A. SHAKELLWOOD, also known as Kenneth P. Phillips, Defendant–Appellant.**

**Docket No. 00–1701.**

United States Court of Appeals, Second Circuit.

June 13, 2001.

David A. Lewis, The Legal Aid Society, Federal Defender Division Appeals Bureau, New York, NY, for appellant.

Katherine Polk Failla, Assistant United States Attorney; Mary Jo White, United States Attorney for the Southern District of New York, Baruch Weiss, Assistant

United States Attorney, of counsel, New York, NY, for appellee.

Present WINTER, STRAUB, and POOLER, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant-appellant Ricardo Shakellwood ("Shakellwood") appeals from a judgment of the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*) convicting him, following his guilty plea. Shakellwood pled guilty to illegally reentering the United States after having been deported in violation of 8 U.S.C. § 1326(a) and (b)(2). Shakellwood was sentenced to a term of 70 months' imprisonment, to run concurrently with the undischarged portion of a New York State sentence then being served by Shakellwood, and to be followed by three years of supervised release. (Red 2)

On appeal, Shakellwood advances two contentions. First, he argues that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence was unconstitutional to the extent that it exceeded two years' imprisonment because his sentence was based on a fact—the commission of an aggravated felony prior to his earlier deportation—that was not charged in the indictment nor admitted when he pled guilty. He urges us to decline to follow *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which rejected the argument he now advances, because that precedent has lost all force after *Apprendi.* Second, he argues that we should remand for resentencing because the District Court misunderstood its authority to

grant an "adjusted" sentence to achieve a full concurrent sentence or to depart from the Guideline range to achieve concurrency by applying the methodology of Application Note 2 of U.S.S.G. § 5G1.3 to cases, such as his, that are analyzed under U.S.S.G. § 5G1.3(c).

Two recent decisions of this Court, decided after the briefing on this appeal was completed, foreclose his arguments. In *United States v. Latorre–Benavides,* 241 F.3d 262, 264 (2d Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 2013, 149 L.Ed.2d 1014 (2001), we held that *Almendarez–Torres* still governed cases such as Shakellwood's. In *United States v. Fermin,* No. 00–1417, 252 F.3d 102, 107–10 (2d Cir.2001), we rejected the precise argument Shakellwood advances and held that the methodology of Application Note 2 does not apply to U.S.S.G. § 5G1.3(c) cases. Moreover, we have indicated that there is no basis in the current § 5G1.3 and its accompanying application notes for a downward departure to achieve a reasonable incremental punishment. *See id.* at 110–11.

## CONCLUSION

For the reasons provided above, the judgment of the District Court is AFFIRMED.