**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio MEJIA–VASQUEZ,**
**Defendant–Appellant.**

**Docket No. 00–1719.**

United States Court of Appeals,
Second Circuit.

July 6, 2001.

David A. Lewis, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for appellant.

Steven R. Glaser, Assistant United States Attorney, Southern District of New York, New York, NY, and Christine H. Chung, Assistant United States Attorney; Mary Jo White, United States Attorney, on the brief, for appellee.

Present JACOBS, PARKER, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Antonio Mejia–Vasquez appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York, following a guilty plea to one count of entering the United States after having been deported, in violation of 8 U.S.C. § 1326(a). The district court sentenced him principally to 77 months' imprisonment. The sentence was increased beyond the maximum prescribed under § 1326(a) because the district court found that Mejia–Vasquez had committed an aggravated felony prior to deportation, *see* § 1326(b)(2), a fact not alleged in the indictment.

On appeal, Mejia–Vasquez challenges only his sentence. First, he argues that the sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because § 1326(b)(2), which authorizes a maximum

prison term of 20 years for a person whose deportation followed a conviction for an aggravated felony, must be construed as setting out an offense distinct from the one described in § 1326(a), which does not mention prior convictions and limits the term of imprisonment to two years. Mejia–Vasquez believes that *Apprendi* overruled *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that § 1326(b) is merely a penalty provision and does not set out a separate offense. We reject this argument for the reasons stated in *United States v. Latorre–Benavides*, 241 F.3d 262 (2d Cir.2001) (per curiam).

Second, Mejia–Vasquez argues that *Almendarez–Torres* should be limited to cases in which the defendant *admitted* in his plea allocution to having committed an aggravated felony prior to deportation. Mejia–Vasquez did not admit this fact in his allocution, but neither did he deny it, and does not contest it on appeal.

*Almendarez–Torres* nowhere imposes the limitation sought by Mejia–Vasquez; instead, the opinion explained that the fact of a prior conviction is a "sentencing factor" for the district court's determination. *Id.*, 523 U.S. at 230. A trial judge is not limited to a defendant's allocution in making factual findings for sentencing purposes, and "may rely upon any information known to it." *United States v. Franklyn*, 157 F.3d 90, 97 (2d Cir.1998).