UNITED STATES of America,
Plaintiff–Appellee–Cross–
Appellant,

v.

Servio Tulio Peralta PIMENTEL,
Defendant–Appellant–Cross–
Appellee.

Nos. 01–1024(L), 01–1025(XAP).

United States Court of Appeals,
Second Circuit.

Oct. 3, 2001.

Alexander Bunin, Federal Public Defender, Northern District of New York & Vermont, Albany, NY; Kent B. Sprotbery, Assistant Federal Public Defender, on the brief, for appellant.

Barbara D. Cottrell, Assistant United States Attorney, Northern District of New York, Albany, NY; Daniel J. French, United States Attorney, and Steven A. Tyrrell, Assistant United States Attorney, on the brief, for appellee.

Present FEINBERG, JACOBS, CABRANES, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

On August 9, 2000, Servio Tulio Peralta Pimentel entered a plea of guilty to a one count indictment charging him with illegal reentry of an alien following deportation, in violation of 8 U.S.C. § 1326. No reference was made in the indictment to Pimentel's prior aggravated felony conviction. Pimentel was sentenced to a 40 month-term of imprisonment, a sentence that exceeded the two-year statutory maximum under subsection (a) of 8 U.S.C. § 1326 for illegal reentry following deportation but fell within the twenty-year statutory maximum under subsection (b)(2) of 8 U.S.C. § 1326 for illegal reentry following deportation subsequent to a conviction for commission of an aggravated felony. Pimentel now challenges this sentence, arguing that his prior felony conviction is an element of

the offense that must be alleged in the indictment and proved beyond a reasonable doubt, not merely a factor permitting sentencing enhancement.

This claim is defeated by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which holds that subsection (b)(2) of 8 U.S.C. § 1326 is a penalty provision and does not define a separate crime. Consequently, the Government need not charge the prior conviction in the indictment. Pimentel concedes that *Almendarez–Torres* controls but raises this issue here to preserve it for further review in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which holds that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. As this Court has previously held, however, the *Apprendi* Court "carved out an exception that is applicable to violations of § 1326 by stating that the *Apprendi* requirement is applicable to facts '[o]ther than the fact of a prior conviction.'" *United States v. Latorre–Benavides*, 241 F.3d 262, 264 (2d Cir.2001) (citation omitted).

The Government's motion to withdraw its cross-appeal is granted.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**