**UNITED STATES of America,**
**Appellee,**

v.

**Ramon UBALDO–HERNANDEZ,**
**Defendant–Appellant.**

**Docket No. 99–1670.**

United States Court of Appeals,
Second Circuit.

Nov. 2, 2001.

Appearing for Appellant: Alexei Schacht, Nalven & Schacht, Astoria, NY.

Appearing for Appellee: Peter G. Neiman, Ass't U.S. Att'y, SDNY, N.Y., NY.

Present KEARSE, CALABRESI and SOTOMAYOR, Circuit Judges.

Defendant Ramon Ubaldo–Hernandez, convicted of unlawfully reentering the United States without the permission of the United States Attorney General after having been deported following his conviction of an aggravated felony, in violation of 8 U.S.C. § 1326, and sentenced principally to 20 months and 25 days' imprisonment, in a downward departure from the range recommended by the Sentencing Guidelines, has appealed. Alexei Schacht, counsel for Ubaldo–Hernandez, has moved for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ubaldo–Hernandez has moved for leave to submit a supplemental brief *pro se*. The government has moved for summary affirmance.

UPON DUE CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the motion of defense counsel to withdraw is granted except to the extent indicated below; that leave is granted for Ubaldo–Hernandez to file *pro se* the supplemental brief he has

submitted; that the government's motion for summary affirmance is denied as moot; and that the judgment of the district court be and it hereby is affirmed.

When filed on May 8, 2000, defense counsel's *Anders* motion and accompanying brief, along with the record of the proceedings in the district court, demonstrated that there was no nonfrivolous issue for appellate review. Although the record of Ubaldo–Hernandez's plea proceeding did not mention so much of the *indictment* as alleged that he had been convicted of an aggravated felony prior to his deportation, and Ubaldo–Hernandez did not in his plea allocution admit such a conviction, the Supreme Court in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), had ruled that such a conviction need not be alleged in the indictment or proven beyond a reasonable doubt, *see id.* at 239.

On June 26, 2000, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and many defendants have contended that the rationale of that decision requires the overruling of *Almendarez–Torres*. This Court, in *United States v. Latorre–Benavides*, 241 F.3d 262 (2d Cir.) (per curiam), *cert. denied*, —— U.S. ——, 121 S.Ct. 2013, 149 L.Ed.2d 1014 (2001), has held that *Apprendi* did not overrule *Almendarez–Torres*, and we conclude that any potential argument to the contrary by Ubaldo–Hernandez lacks merit for the reasons stated in *United States v. Latorre–Benavides*, 241 F.3d at 264.

Subsequent to our ruling in *United States v. Latorre–Benavides*, several defendants have nonetheless asserted the *Almendarez–Torres*-overruling issue on appeal in order to preserve it for further appellate review. In light of the foregoing, rather than directing further briefing of that issue in this Court, we deem Ubaldo–Hernandez's counsel Alexei Schacht likewise to have raised the issue and preserved it in this Court, and we instruct Schacht to file a petition for certiorari asserting such a claim on behalf of Ubaldo–Hernandez in order to ensure its preservation for further review.

In his *pro se* supplemental brief, Ubaldo–Hernandez contends principally that the enhancement of his sentence on account of his predeportation conviction of an aggravated felony violated his rights under the *Ex Post Facto* Clause of the Constitution because his predeportation crime was not classified as an aggravated felony when that conviction was entered. That contention lacks merit for the reasons stated in *United States v. Luna–Reynoso*, 258 F.3d 111, 115–16 (2d Cir. 2001), and presents no nonfrivolous issue for review.

In light of the absence of any nonfrivolous issue for review except the possible contention that the rationale of *Apprendi* requires the overruling of *Almendarez–Torres*, the motion of Alexei Schacht to withdraw pursuant to *Anders* is granted except to the extent that he is instructed to file a petition for certiorari in accordance with the foregoing.

The judgment of conviction is affirmed.