**UNITED STATES of America,**
**Appellee,**

v.

**Francisco ENCARNACION–MENDEZ,**
**Defendant–Appellant.**

**Docket No. 00–1270.**

United States Court of Appeals,
Second Circuit.

Nov. 2, 2001.

Appearing for Appellant: Darrell B. Fields, Legal Aid Soc'y, Fed. Def. Div. App. Bur., N.Y., NY.

Appearing for Appellee: Keir N. Dougall, Ass't U.S. Att'y, EDNY, Brooklyn, NY.

Present KEARSE, CALABRESI, and SOTOMAYOR, Circuit Judges.

Defendant Francisco Encarnacion–Mendez, convicted of attempting to reenter the United States without the permission of the United States Attorney General after having been deported following conviction of an aggravated felony, in violation of 8 U.S.C. § 1326, and sentenced principally to 77 months' imprisonment pursuant to § 1326(b)(2), has appealed. On June 8, 2000, Darrell B. Fields, counsel for Encarnacion–Mendez, moved for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on the ground that there was no nonfrivolous issue for review. The government moved for summary affirmance.

Fields has now moved to withdraw his *Anders* motion in order to file a brief contending that Encarnacion–Mendez could not properly be subject to the enhanced penalties of 8 U.S.C. § 1326(b)(2) because the indictment did not allege that Encarnacion–Mendez had been convicted

of an aggravated felony prior to his deportation and his predeportation conviction was neither admitted by him nor proven beyond a reasonable doubt. The supplemental brief would argue that although *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), held that such a conviction need not be alleged in the indictment or proven beyond a reasonable doubt, the rationale of the Supreme Court's June 26, 2000 decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires the overruling of *Almendarez–Torres*. The present motion to withdraw the *Anders* motion acknowledges that such an argument has been rejected by this Court in *United States v. Latorre–Benavides*, 241 F.3d 262 (2d Cir.) (per curiam), *cert. denied*, —— U.S. ——, 121 S.Ct. 2013, 149 L.Ed.2d 1014 (2001); but Fields states that the purpose of filing a new brief would be to "preserve the [*Almendarez–Torres*-overruling] issue for a petition for a writ of *certiorari*" (Declaration of Darrell B. Fields dated October 2, 2001, at 3).

UPON DUE CONSIDERATION WHEREOF, IT IS ORDERED that the present motion to withdraw the prior *Anders* motion be and it hereby is granted.

Further, the present motion is deemed a supplemental brief raising the *Almendarez–Torres*-overruling issue on behalf of Encarnacion–Mendez and preserving it for appellate review. Accordingly, additional briefing in this Court is unnecessary, and the motion to file a further brief herein is denied.

We conclude that the *Almendarez–Torres* overruling issue lacks merit for the reasons stated in *United States v. Latorre–Benavides*, 241 F.3d at 264. And finding, for the reasons stated in counsel's original *Anders* brief, no other nonfrivo-

lous issue for review, we affirm the judgment of conviction.

The government's motion for summary affirmance, which was based in part on the now-withdrawn *Anders* motion, is denied as moot.