**UNITED STATES of America,
Appellee,**

v.

**David RODRIGUEZ, also known as
Pedro Hernandez, Defendant–
Appellant.**

**No. 01–1103.**

United States Court of Appeals,
Second Circuit.

Nov. 15, 2001.

Appeal from the United States District Court for the Southern District of New York, Naomi Reice Buchwald, Judge.

David A. Lewis, Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for appellant.

Timothy J. Treanor, Assistant U.S. Attorney, Southern District of New York, New York, NY, for appellee.

Present FEINBERG, MCLAUGHLIN and PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Defendant–Appellant David Rodriguez appeals from the judgment of conviction and sentence entered February 21, 2001 in the district court after a plea of guilty, convicting Rodriguez of illegally reentering the United States, after having been deported, without the consent of the Attorney General, in violation of 8 U.S.C. §§ 1326(a) and (b), and sentencing Rodriguez principally to 70 months imprisonment.

On November 16, 2000, Rodriguez entered a plea of guilty to the charge of illegal reentry of an alien following deportation, in violation of 8 U.S.C. § 1326. No reference was made in the indictment to Rodriguez's prior aggravated felony conviction, and Rodriguez neither admitted nor denied the earlier conviction during his plea colloquy. Rodriguez was sentenced principally to a 70 month term of imprisonment, a sentence that exceeded the two-year statutory maximum under 8 U.S.C. § 1326(a) for illegal reentry following deportation, but fell within the twenty-year statutory maximum under 8 U.S.C. § 1326(b)(2) for illegal reentry following deportation subsequent to a conviction for commission of an aggravated felony. Rodriguez now challenges this sentence, arguing that his prior felony conviction is an element of the offense that must be alleged in the indictment and proved beyond a reasonable doubt, not merely a factor permitting sentencing enhancement.

This claim is defeated by the Supreme Court's holding in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that subsection (b)(2) of 8 U.S.C. § 1326 is a penalty provision and does not define a separate crime. Consequently, the Government need not charge the prior conviction in the indictment, nor prove it or obtain an ad-

56

mission at the time of the plea. Rodriguez concedes that *Almendarez–Torres* controls but raises this issue here to preserve it for further review in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which holds that any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. As this Court has previously held, the *Apprendi* Court "carved out an exception that is applicable to violations of § 1326 by stating that the *Apprendi* requirement is applicable to facts '[o]ther than the fact of a prior conviction.'" *United States v. Latorre Benavides,* 241 F.3d 262, 264 (2d Cir.2001)(per curiam) (further citation omitted).

For the reasons set forth above, the judgment of the district court is AFFIRMED.