UNITED STATES of America,
Appellee,

v.

Osameda OGBEBOR, aka Abdullah Ilyas, aka Mark Idahosa, aka Ramundo Pope, aka Rami Abuhamden, aka Mark O'Neil, aka Tony Ogbebor, aka Jerry Jones, aka Phillip Ogbebor, Defendant–Appellant.

No. 00–1648.

United States Court of Appeals, Second Circuit.

Nov. 15, 2001.

Alexander Bunin, Federal Public Defender, Northern District of New York & Vermont, Albany, NY, for appellant.

Barbara D. Cottrell, Assistant U.S. Attorney, Northern District of New York, Albany, NY, for appellee.

Present FEINBERG, McLAUGHLIN, and PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Defendant–Appellant Osameda Ogbebor appeals from the judgment of conviction and sentence entered September 18, 2000 in the district court, following his plea of guilty to reentering the United States illegally, after having been deported, without the consent of the United States Attorney General, in violation of 8 U.S.C. § 1326. He was sentenced principally to 41 months imprisonment.

No reference was made in the indictment to Ogbebor's prior aggravated felony conviction, and Ogbebor neither admitted nor denied the earlier conviction during his plea colloquy. Ogbebor's 41 month sentence exceeded the two-year statutory maximum under 8 U.S.C. § 1326(a) for illegal reentry following deportation, but fell within the twenty-year statutory maximum under 8 U.S.C. § 1326(b)(2) for illegal reentry following deportation subsequent to a conviction for commission of an aggravated felony. Ogbebor now challenges this sentence, arguing that his prior felony conviction is an element of the offense that must be alleged in the indictment and proved beyond a reasonable doubt, not merely a factor permitting sentencing enhancement.

This claim is defeated by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), in which the Supreme Court held that subsection (b)(2) of 8 U.S.C. § 1326 is a penalty provision and does not define a separate crime. Consequently, the Government need not charge the prior conviction in the indictment, nor prove it or obtain an admission at the time of the plea. Ogbebor concedes that *Almendarez–Torres* controls, but raises this issue here to preserve it for further review in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which holds that any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. As this Court has previously held, the *Apprendi* Court "carved out an exception that is applicable to violations of § 1326 by stating that the *Apprendi* requirement is applicable to facts '[o]ther than the fact of a prior conviction.'" *United States v. Latorre–Benavides*, 241 F.3d 262, 264 (2d Cir.2001)(per curiam) (further citation omitted).

For the reasons set forth above, the judgment of the district court is AFFIRMED.