**UNITED STATES of America,**
**Appellee,**

v.

**Mario Neftali CALDERON–VILLEDA,**
**a/k/a Mario Jose Gonzales, a/k/a Jose**
**Villeda, Defendant–Appellant.**

**Docket No. 01–1402.**

United States Court of Appeals,
Second Circuit.

April 10, 2002.

Edward S. Zas, The Legal Aid Society, New York, NY, for Appellant.

Bonnie S. Klapper, Assistant United States Attorney, United States Attorney's Office, Eastern District of New York, Brooklyn, NY, for Appellee.

Present McLAUGHLIN, F. I. PARKER and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Eastern District of New York be and it hereby is AFFIRMED.

Mario Neftali Calderon–Villeda ("Calderon") appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Hurley, J.) on July 13, 2001. Calderon pled guilty without a plea agreement to one count of illegally reentering the United States in violation of 8 U.S.C. § 1326(a), and was sentenced to 77 months incarceration, three years of supervised release and a $100 special assessment.

On appeal, Calderon argues only that his sentence was unconstitutional because it exceeded two years imprisonment and the increase in his sentence above this level was based on a fact—the commission of an aggravated felony prior to his earlier deportation—that was not charged in the indictment. Therefore, he argues, he should only have been sentenced to twenty-four months, the statutory maximum under 8 U.S.C. § 1326(a) absent a prior conviction, and not to 77 months.

This claim is defeated by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which holds that 8 U.S.C. § 1326(b) is a penalty provision and does not define a separate crime. Consequently, the Government need not charge the prior conviction in the indictment. Calderon concedes that *Almendarez–Torres* controls but raises this issue here to preserve it for further review in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As this Court has previously held, however, the *Apprendi* Court "carved out an exception that is applicable to violations of § 1326 by stating that the Apprendi requirement is applicable to facts '[o]ther than the fact of a prior conviction.'" *United States v. Latorre–Benavides,* 241 F.3d 262, 264 (2d Cir.2001)(per curiam)(further citation omitted), *cert. denied,* 532 U.S. 1045, 121 S.Ct. 2013, 149 L.Ed.2d 1014 (2001); *accord United States v. Pimentel,* 27 Fed.Appx. 15, 16, Nos. 01–1024(L), 01–1025(XAP), 2001 WL 1178804, at *1 (2d Cir. Oct. 3, 2001) (summary order).

Accordingly, the judgment of the district court is AFFIRMED.