UNITED STATES of America, Appellee,

v.

**Venus Alexandra HARVEY, also known as Joseph Brown, also known as Dixon Patrick, Defendant–Appellant.**

**Docket No. 00–1456.**

United States Court of Appeals, Second Circuit.

April 18, 2002.

David E. Liebman, New York, NY, for Appellant.

Thomas Firestone, Assistant United States Attorney, Brooklyn, NY, for Appellee.

Present WINTER, McLAUGHLIN and POOLER, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Defendant–Appellant Venus Alexandra Harvey appeals from May 19, 2000 judgment of the United States District Court

for the Eastern District of New York (Eugene H. Nickerson, *Judge* ). After entering into a written plea agreement, Harvey pled guilty to one count of illegally reentering the United States, in violation of 8 U.S.C. § 1326. The district court sentenced Harvey to 70 months imprisonment, 3 years supervised release, and a $100 special assessment. This sentence was within the agreed upon sentencing range specified in the written plea agreement. Harvey did not object to the sentence or the calculation of the sentencing range.

On appeal, Harvey argues that his conviction is unconstitutional because the indictment did not allege that he had been convicted of an aggravated felony prior to his illegal reentry into the country. Because this fact was not alleged in the indictment, Harvey contends that his sentence was increased based upon a fact not charged in the indictment, in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Harvey argues that the court should have sentenced him according to 8 U.S.C. § 1326(a), for reentry absent a prior conviction for an aggravated felony, which carries a two year maximum, not according to 8 U.S.C. § 1326(b), for reentry after a prior conviction for an aggravated felony, which carries a twenty year maximum.

The Supreme Court rejected this argument in *Almendarez-Torres v. United States,* which held that the aggravated felony requirement of § 1326(b) is a sentencing enhancement, not an element, and that subsections (a) and (b) do not establish two separate crimes. 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Further, the Supreme Court specifically exempted prior convictions from the holding of *Apprendi.* *See Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348 (*"Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the pre-

scribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). Finally, the Second Circuit has held that the rule of *Almendarez-Torres* still applies post-*Apprendi.* *See United States v. Latorre-Benavides,* 241 F.3d 262, 264 (2d Cir.) (per curiam) (finding that the issue is "squarely governed by *Almendarez-Torres* and is foreclosed" and that *Apprendi* "carved out an exception that is applicable to violations of § 1326"), *cert. denied,* 532 U.S. 1045, 121 S.Ct. 2013, 149 L.Ed.2d 1014 (2001).

Accordingly, the judgment of the district court is AFFIRMED.