UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.                                        No. 01-4797

JAVIER BARRERA-DIAZ,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-154)

Submitted: April 10, 2002

Decided: May 16, 2002

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Williams S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Javier Barrera-Diaz pled guilty pursuant to a written plea agreement to illegally reentering the United States after he had been deported, 8 U.S.C.A. § 1326 (West 1999), and was sentenced to a term of sixty-two months imprisonment, followed by three years of supervised release. Barrera-Diaz's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal. Barrera-Diaz has been notified of his right to file a pro se supplemental brief, but has not done so. We affirm the conviction and sentence.

Barrera-Diaz received an enhanced sentence because his "removal was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C.A. § 1326(b)(2). Counsel first suggests that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Barrera-Diaz's sentence was improperly enhanced because the indictment charged only that his previous conviction was a felony. We conclude that *Apprendi* does not affect Barrera-Diaz's sentence. The Supreme Court held in *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), that § 1326(b)(2) sets forth a sentencing factor rather than an element of the offense. That decision has not been overruled. *See United States v. Latorre-Benavides*, 241 F.3d 262, 263-64 (2d Cir.), *cert. denied*, 121 S. Ct. 2013 (2001); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 531 U.S. 1202 (2001); *see also Columbia Union Coll. v. Clarke*, 159 F.3d 151, 158 (4th Cir. 1998) (stating lower courts should not presume Supreme Court has overruled one of its cases by implication, but must follow case law that directly controls unless clearly overruled by subsequent Supreme Court ruling).

Counsel also suggests that the district court erred in denying Barrera-Diaz's request for downward departure under *U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (2000), based on Barrera-Diaz's

contention that his career offender status significantly overstated the seriousness of his prior offenses. Here, the record establishes that the district court recognized its authority to grant Barrera-Diaz's motion for downward departure, but chose not to do so. Consequently, the district court's decision is not appealable. USSG § 4A1.3., p.s.; *United States v. Burgos*, 94 F.3d 849, 876 (4th Cir. 1996); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990).

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*