**Juan DE JESUS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 01–2712.**

United States Court of Appeals, Second Circuit.

Feb. 28, 2003.

Randa D. Maher, Great Neck, NY, for Appellant.

Kelly T. Currie, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Present: MESKILL, NEWMAN, and POOLER, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER

COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28thday of February, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Petitioner Juan Bautista De Jesus appeals from a judgment denying his motion made pursuant to 28 U.S.C. § 2255 for vacatur of his sentence. De Jesus challenged his conviction for violation of 8 U.S.C. § 1326 and subsequent sentence to fifty-seven months imprisonment. He argued that the sentence must be vacated because the fact of his prior conviction for an aggravated felony, which mandated a longer sentence pursuant to 8 U.S.C. § 1326(b)(2), was not pleaded in the indictment. The district court found in relevant part that (1) De Jesus waived his right to appeal; (2) his challenge was procedurally barred by his failure to raise it on direct appeal; and (3) his challenge was barred by *Almendarez–Torres v. United States,* 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). The court granted a certificate of appealability limited to the last two issues. Although De Jesus argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), cast doubt on *Almendarez–Torres,* he concedes that this court must apply *Almendarez–Torres* and bar his claim. We also have held that *Apprendi* cast no doubt on *Almendarez–Torres. United States v. Latorre–Benavides,* 241 F.3d 262, 263–64 (2d Cir.), *cert. denied,* 532 U.S. 1045, 121 S.Ct. 2013, 149 L.Ed.2d 1014 (2001). Having found that De Jesus' claim lacks merit, we do not address the issue of the procedural bar.

We also do not address whether DeJesus' petition was barred by the statute of limitations. It appears from the record before us that it may have been. The district court rejected this argument without explanation. However, the government has not urged that we affirm based on lack of timeliness or remand to the district court for a timeliness dismissal.