**UNITED STATES of America,**
**Appellee,**

v.

**Elpidio Modesto MORALES, also known as Eddie Morales, also known as Elpidio Modesto Morales–Gonzalez, also known as Elpiko Morales, also known as Elpikio Morales, Defendant–Appellant.**

**No. 05–1371–CR.**

United States Court of Appeals,
Second Circuit.

Oct. 25, 2005.

Alexander E. Eisemann, Katonah, New York, for Appellant.

Arthur Gollwitzer III (Karl Metzner on the brief), Assistant United States Attorney for the Southern District of New York, for Appellee.

PRESENT: JACOBS, CABRANES, and SACK, Circuit Judges.

*SUMMARY ORDER*

Elipido Modesto Morales appeals from the judgment of conviction and imposed sentence entered on March 9, 2005 in the United States District Court for the Southern District of New York (Preska, *J.*), pursuant to a guilty plea to illegal reentry following his deportation as an aggravated felon, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

1. Morales claims that his conviction is barred by the statute of limitations, 18 U.S.C. § 3282, because he re-entered more than five years before he was indicted, and that at the time of re-entry, the United States "could have discovered" his presence "with the exercise of diligence typical of law enforcement authorities." *See United States v. Mercedes*, 287 F.3d 47, 54 (2d Cir.2002) (quoting *United States v. Rivera–Ventura*, 72 F.3d 277, 282) (2d Cir. 1995)).

Absent "a court-approved reservation of issues for appeal," a valid unconditional guilty plea made pursuant to Fed. R.Crim.P. 11 waives all non-jurisdictional challenges to the prosecution. *Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987); *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir.1989). A statute of limita-

tions defense is non-jurisdictional, *United States v. Spero,* 331 F.3d 57, 60 n. 2 (2d Cir.2003); *United States v. Hansel,* 70 F.3d 6, 7 (2d Cir.1995) (per curiam); *United States v. Doyle,* 348 F.2d 715, 718 (2d Cir.1965), and the plea was unconditional.[1]

2. Morales makes essentially three arguments challenging his 71–month sentence: (1) he was subject to the two-year maximum sentence under 8 U.S.C. § 1326(a) rather than the twenty-year sentence under 8 U.S.C. § 1326(b)(2), which applies if the illegal alien's prior removal or deportation was "subsequent to a conviction for commission of an aggravated felony"; (2) that his prior criminal history and convictions should not have been considered in computing his Guidelines sentence; and (3) that his sentence should have been further reduced in light of his lengthy pre-sentencing incarceration.

■ Morales's first and second challenges invoke the *Apprendi/Booker* line of cases holding that any fact "necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005); *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, under the Supreme Court's holding in *Almendarez–Torres,* prior convictions used for sentence enhancements may be found by a judge on a preponderance of the evidence. *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

"*Almendarez–Torres* remains good law, at least for now." *United States v. Santiago,* 268 F.3d 151, 155 (2d Cir.2001). Both

*Apprendi* and *Booker,* which establish the rule invoked by Morales, explicitly recognized an exception for prior convictions. *Booker,* 125 S.Ct. at 756; *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348; *see also United States v. Lattore–Benavides,* 241 F.3d 262, 264 (2d Cir.2001) (stating that *Apprendi* "carved out an exception that is applicable to violations of § 1326 by stating that the *Apprendi* requirement is applicable to facts 'other than the fact of a prior conviction'"). The district court thus properly considered evidence of Morales's (numerous) prior convictions in determining whether the twenty-year maximum applied, and in determining what the Guidelines sentencing range would be.

Morales's third sentencing challenge—that his sentence should have been reduced by the full amount of time he spent in federal custody awaiting sentencing—also fails.

■ Prior to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which held that the Sentencing Guidelines could not be mandatory, the district court was prohibited from giving Morales *any* credit because the time spent in federal custody prior to sentencing was credited towards his state sentence. 18 U.S.C. § 3585(b); *see also United States v. Los Santos,* 283 F.3d 422, 427 (2d Cir. 2002). The district court exercised its post-*Booker* discretion to give Morales six months of credit and to have his federal sentence run concurrently with the undischarged portion of his state sentence. The decision to give no more than a six-month credit was not unreasonable. *Booker,* 125 S.Ct. at 765 (explaining that the review of a non-Guidelines sentence should be under the reasonableness standard). As the district court explained, the six-month credit

---

1. Morales claims to preserve his good faith and entrapment by estoppel defenses should the law in this Circuit change. (Morales concedes that under the current state of the law, these additional defenses fail.) These defenses were also waived as they are non-jurisdictional.

compensated Morales for a delay caused by his counsel's failure to file some papers, but the other delays were sought by Morales for his benefit, in order to present challenges under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). As to the due process and equal protection challenges, this Court has long upheld and applied the bar on receiving credit for pre-sentencing time when such credit is being applied towards another sentence. *See, e.g., United States v. Los Santos,* 283 F.3d 422 (2d Cir.2002). Morales's problem is a consequence of his offending the laws of two jurisdictions.

For the foregoing reasons, the judgment of the district court is affirmed.