09-1319-cr
U.S. v. Martinez-Gutierrez

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty sixth day of August, two thousand and ten.

PRESENT:

RALPH K. WINTER,
JOSÉ A. CABRANES,
DENNY CHIN,
   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

   Appellee,

   -v.-               No. 09-1319-cr

PABLO MARTINEZ-GUTIERREZ,

   *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**  Malvina Nathanson, New York, NY.

**FOR APPELLEE:**      Paul D. Silver, Assistant United States Attorney (Richard S. Hartunian, United States Attorney, *on the brief,* and Edward P. Grogan, Assistant United States

1

Attorney, *of counsel*), United States Attorney's Office for the Northern District of New York, Albany, NY.

Appeal from a March 31, 2009 judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

On June 25, 2008, defendant-appellant Pablo Martinez-Gutierrez entered a plea of guilty to a one count indictment charging him with illegal reentry after having been deported following the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Martinez-Gutierrez's prior aggravated felony was not specified in the indictment. Martinez-Gutierrez was sentenced to a seventy-month term of imprisonment, within the twenty-year statutory maximum under § 1326(b)(2). He filed a timely appeal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, Martinez-Gutierrez argues that the Sixth Amendment required a jury to find beyond a reasonable doubt that he had been previously convicted of a "crime of violence" before the District Court could impose a 16-point sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Under 8 U.S.C. § 1326(b)(2), the statutory maximum term of imprisonment for illegal reentry after having been deported following the commission of an aggravated felony is twenty years. The Guidelines enhancement Martinez-Gutierrez received because the aggravated felony was a crime of violence, therefore, resulted in a sentence that did not exceed the statutory maximum for the crime to which he pled. Accordingly, there is no Sixth Amendment violation. *United States v. Booker*, 543 U.S. 220 (2005).

Moreover, Martinez-Gutierrez's argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (facts related to recidivism are not required to be found by a jury). We have repeatedly held that "*Almendarez-Torres* . . . stands as a 'narrow exception' to the general rule announced in *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] that 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *United States v. Mercedes*, 287 F.3d 47, 58 (2d Cir. 2002) (quoting *Apprendi*, 530 U.S. at 490) (*Apprendi* does not require a jury finding to apply the 16-point enhancement for a prior aggravated felony); *see also United States v. Latorre-Benavides*, 241 F.3d 262, 264 (2d Cir. 2001). As a result, we hold that the District Court did not err in applying a 16-point sentencing enhancement for a prior conviction for a crime of violence.

Second, Martinez-Gutierrez argues that the District Court's failure to remind him of his access to a translator—despite the fact that he specifically and repeatedly declined the opportunity to have the proceedings translated for him—deprived him of his right to allocution in violation of the Federal Rules of Criminal Procedure 32(i)(4)(A)(ii). We disagree. "A defendant has a right, protected by [Federal Rule of Criminal. Procedure 32(i)(4)(A)(ii)], to address the sentencing judge before the imposition of [a] sentence." *United States v. Gonzalez*, 529 F.3d 94, 97 (2d Cir. 2008) (citing *United States v. Margiotti*, 85 F.3d 100, 103 (2d Cir. 1996)). It is uncontested that Martinez-Gutierrez was provided with an opportunity to address the District Court at his sentencing hearing, declined translation services, and chose to proceed in English. We cannot say it was error, much less plain error, for the District Court to permit him to proceed without translation services. *See United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007) ("[I]ssues not raised in the trial court because of oversight . . . are normally deemed forfeited on appeal unless they meet our standard for plain error.").

## CONCLUSION

We have considered each of Martinez-Gutierrez's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3