# United States Court of Appeals
## For the First Circuit

Nos. 00-2473
    00-2474

UNITED STATES OF AMERICA,

Appellee,

v.

DAVID FORSYTH JOHNSTONE,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

Before

Boudin, Circuit Judge,

Bownes, Senior Circuit Judge,

and Schwarzer*, District Judge.

Marie E. Hansen, with whom N. Laurence Willey, Jr., and Ferris, Dearborn & Willey were on brief, for appellant.
F. Mark Terison, Senior Litigation Counsel, with whom Jay P. McCloskey, United States Attorney, was on brief, for appellee.

June 5, 2001

_____

*Of the Northern District of California, sitting by designation.

**BOWNES, Senior Circuit Judge.** Defendant-appellant David Forsyth Johnstone appeals from his conviction and sentence for unlawful reentry into the United States following deportation. Johnstone was deported after his state-court conviction for forgery in Colorado, which the district court deemed an aggravated felony for purposes of enhancing his federal sentence. He now contends that he received inadequate assistance of counsel in the Colorado proceedings and that the forgery should not be considered an aggravated felony. We affirm.

## I. BACKGROUND

In 1998, Johnstone, a British subject, stole a credit card and used it to pay for a Colorado rafting trip for himself and two friends. Johnstone was charged in state court with forgery, a Class 5 felony under Colorado law; criminal impersonation, a Class 6 felony; and unauthorized use of a financial transaction device. He pled guilty to the forgery charge in exchange for the state's dismissal of the unauthorized use charge. Johnstone received a sentence of one year in prison

on the forgery charge.[1]  Following his guilty plea, Johnstone was deported.

He later reentered the United States without having applied to do so.  On March 13, 2000, a detective with the Waterville, Maine Police Department contacted the United States Immigration and Naturalization Service and reported that Johnstone was suspected of fraud in Waterville.  Johnstone falsely claimed in loan applications to a Waterville bank and a credit union that he received a monthly pension from the United States Marine Corps.  He also used false Social Security numbers when he opened accounts at three Waterville financial institutions.

Johnstone was charged in a single-count indictment and a two-count information with reentering the United States after having been deported, 8 U.S.C. § 1326(b)(2); providing false statements in loan applications to a credit union and a bank, 18 U.S.C. § 1014; and with use of false Social Security numbers, 42 U.S.C. § 408(a)(7)(B).

On June 20, 2000, Johnstone first appeared before the district court for entry of pleas of guilty to the indictment

---

[1]The forgery sentence apparently ran consecutively with a one-year sentence imposed on the criminal impersonation charge, resulting in a sentence totaling two years.  Only the forgery sentence is relevant to this appeal, since it is the basis for the aggravated felony sentence enhancement.

and the information.  The court explained to Johnstone the rights he would give up upon his waiver of indictment and pleas of guilty.  The court accepted the waiver of indictment, and Johnstone entered his guilty pleas.  When he stated that he was unaware that the penalties for the three offenses could be imposed consecutively, the court suspended the proceedings.

On July 10, 2000, the plea hearing resumed.  Again, the court explained to Johnstone the rights he would waive.  This time, Johnstone stated that he understood that he was exposed to maximum terms of imprisonment of twenty years on the immigration charge and  thirty years on the false statements charge, which could be imposed consecutively.

On October 25, 2000, the court conducted a presentence conference.  Johnstone contended that his Colorado counsel failed to advise him of his right to consular notification and of the effect that the guilty plea would have on his alien status, hence providing ineffective assistance.  He stated that he had obtained new counsel in Colorado to attack his state-court conviction, and moved to withdraw his plea for the limited purpose of obtaining post-conviction review.

The district court stated that Johnstone was convicted of an aggravated felony at the time of his deportation.  It concluded that it was irrelevant whether the Colorado conviction

was later vacated. Additionally, the court determined that Johnstone's Colorado counsel's alleged failures did not amount to ineffective assistance of counsel. Thus, nothing prevented the court from relying on the Colorado conviction to support the enhancement of Johnstone's federal sentence for illegally reentering the country. Accordingly, the court denied his motion for a partial withdrawal of his guilty plea. It offered him the opportunity to file a motion to completely withdraw his plea, which Johnstone did not do.

The court also found that the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), did not help Johnstone. It held that Apprendi did not apply to this case because the application of the sentencing enhancement under section 1326(b)(2) did not increase his maximum statutory penalty beyond that contemplated by his plea agreement and guilty plea.

On November 7, 2000, the district court held a sentencing hearing. Under U.S.S.G. § 2L1.2(a), the base offense level for illegally reentering the United States was eight. Sixteen levels were added pursuant to section 2L1.2(b)(1)(A) because Johnstone had been deported after conviction for an aggravated felony, i.e. the Colorado forgery conviction. Credit for acceptance of responsibility reduced the total offense level

to twenty-one. The court calculated eight criminal history points, which resulted in a guideline sentencing range of fifty-seven to seventy-one months.[2]

The court considered each of Johnstone's asserted bases for a downward departure from the guideline sentencing range.[3] The court found no justification for departing from the guideline range, noting that "nothing . . . takes this case out of the heartland."

The government recommended a downward departure under U.S.S.G. § 5K1.1, for Johnstone's cooperation with the prosecution, and recommended a sentence of fifty-one months in prison. The court allowed the government's motion and imposed a sentence of forty-five months' imprisonment on the reentry charge. Concurrent sentences of nine months were imposed for the false statement charge and for the charge of using false

---

[2]The false statement offenses were grouped under U.S.S.G. § 3D1.2(b) with a total offense level of seven. The offense level of seven and the previously calculated Criminal History Category of IV yielded a guideline sentencing range of eight to fourteen months.

[3]Specifically, Johnstone asserted that the facilities in federal prison were inadequate to treat his medical condition; that the aggravated felony enhancement for the Colorado forgery overstated the seriousness of his criminal history; and that he had reentered the country to assist in the support of his wife, a college student in Maine.

Social Security numbers. The court further ordered that Johnstone pay $2,006 in restitution to Key Bank.

## II. DISCUSSION

Johnstone first argues that the district court erred as a matter of law in increasing his sentence on the ground that the Colorado conviction constituted an aggravated felony. We review this contention de novo. United States v. Luna-Diaz, 222 F.3d 1, 3 (1st Cir. 2000).

For the crime of reentering the United States following deportation, 8 U.S.C. § 1326(b)(2),[4] the sentencing guidelines increase the base offense level from eight to twenty-four if the defendant was removed or deported after conviction of an

---

[4]Section 1326 reads, in pertinent part, as follows:

. . . any alien who--

(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is out-standing, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless . . . the Attorney General has expressly consented to such alien's reapplying for admission . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both.

Subsection(b)(2) increases the maximum statutory penalty from two to twenty years for any alien described in subsection (a) "whose removal was subsequent to a conviction for commission of an aggravated felony . . . ."

"aggravated felony." U.S.S.G. § 2L1.2(b)(1)(A). The commentary to this section defines "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43), id., cmt. n.1, which includes "an offense relating to . . . forgery . . . for which the term of imprisonment is at least one year . . . ." 8 U.S.C. § 1101(a)(43)(R).[5]

Johnstone was deported following a 1998 conviction for forgery, which Colorado law categorizes as a Class 5 felony and which carries a maximum prison term of three years. Johnstone's actual sentence was one year. There is simply no question that the Colorado conviction was an aggravated felony within the plain language of section 1101(a)(43)(R). Therefore, the district court did not err when it increased Johnstone's base offense level to twenty-four under U.S.S.G. § 2L1.2(b)(1)(A).

Second, Johnstone renews his contention that his counsel did not advise him of the Vienna Convention or the possibility of deportation, and that therefore he received ineffective assistance of counsel. He has challenged his Colorado conviction on these grounds. At the very least, Johnstone urges, this court should vacate his sentence until

---

[5]Johnstone also contends that the facts on which his conviction was based amount only to petty larceny at most, not forgery. For the reasons explained infra, we cannot collaterally review the Colorado court's conviction.

post-conviction review is complete. We review the legal determination of the guidelines' meaning and scope de novo. Luna-Diaz, 222 F.3d at 3.

Our holding in Luna-Diaz, id. at 4, forecloses this collateral attack on the state court conviction. There, we held that the plain language of 8 U.S.C. § 1326(b) and U.S.S.G. § 2L1.2(b) required the imposition of the sixteen-level enhancement based on even a vacated conviction of an aggravated felony. As long as the removal occurred after the conviction, a conviction that is later vacated can serve as an "aggravated felony" under 8 U.S.C. § 1326(b)(2). "By all indications, the relevant time under the statute is the moment of removal, not of sentencing." Id.

Accordingly, the future status of Johnstone's forgery conviction is irrelevant to the guideline enhancement. Even if Johnstone received ineffective assistance of counsel in Colorado and his forgery conviction is vacated, his federal sentence is unaffected. We conclude that the district court did not err in denying Johnstone's motion to withdraw his guilty plea and continue sentencing pending resolution of his post-conviction challenge to his Colorado forgery conviction.

Third, Johnstone argues that the district court erred in not submitting the sentencing enhancement to a jury. He

contends that under Apprendi, he is entitled to a jury determination of whether he was deported following an aggravated felony conviction. See Apprendi, 530 U.S. at 490 (jury must determine beyond a reasonable doubt facts that "increase the prescribed range of penalties to which a criminal defendant is exposed").

No Apprendi violation occurs, however, when the district court sentences a defendant below the statutory maximum, even if a fact determined by the court under a preponderance standard lengthens the sentence imposed. United States v. Robinson, 241 F.3d 115, 119 (1st Cir. 2001) (court's findings under preponderance standard concerning drug amount, which increased appellant's sentence, did not violate Apprendi because sentence imposed was less than default statutory maximum). Here, the applicable statute set forth a maximum sentence of twenty years for the unlawful reentry charge. 8 U.S.C. § 1326(b)(2). The plea agreement and hearings make clear that Johnstone fully understood that he faced that maximum penalty. The actual sentence imposed by the district court, even with the enhancement, was forty-five months, well under

that maximum.  Accordingly, the district court correctly held that Apprendi does not apply.  See Robinson, 241 F.3d at 118-19.[6]

Finally, Johnstone contends that the district court erred in declining to award a downward departure on the grounds of his medical condition, the purported overstatement of the seriousness of his criminal history, and/or his motive in returning to the United States.  The court of appeals has no jurisdiction, however, to review a district court's decision not to depart downward unless the district court misunderstood its authority to do so.  United States v. Orlando-Figueroa, 229 F.3d 33, 49 (1st Cir. 2000).  The record does not reflect any such misunderstanding on the part of the district court.  Rather, the court stated that each ground was "properly within [the court's] authority to consider as a basis for downward departure," and that whether to depart would be "a matter of [the court's] own judgment and discretion."  Accordingly, we may not review the

---

[6]Moreover, by its express terms, Apprendi concerns only sentencing facts "[o]ther than the fact of a prior conviction. . ."  530 U.S. at 490.  Here, Johnstone's maximum sentence for his offense increased to twenty years solely because of his deportation following his prior conviction in Colorado. Therefore, although we need not decide this issue today, we doubt that Apprendi applies to Johnstone's case for the additional reason that the increase in his maximum sentence was due to a prior conviction.  See United States v. Pacheco-Zepeda, 234 F.3d 411, 415 (9th Cir. 2000).

district court's rejection of Johnstone's requests for downward departures.[7]

The conviction and sentence are **affirmed**.

---

[7]In addition, Johnstone makes two more cursory arguments, neither of which have merit. First, he contends that the felony conviction is an element of a section 1326 offense, and thus should have been separately set forth in the indictment and submitted to the jury. The Supreme Court has held, however, that section 1326(b)(2) is merely a sentencing factor, not a separate criminal offense. Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Second, Johnstone argues that the sentencing enhancement violates the Eighth Amendment to the United States Constitution; because he apparently did not make this argument below, we review only for plain error. Under that standard, we conclude that Johnstone has not shown the kind of "gross disproportionality" between the gravity of the criminal conduct and the severity of his sentence that an Eighth Amendment challenge requires. United States v. Cardoza, 129 F.3d 6, 18 (1st Cir. 1997). Other courts have rejected such challenges of much longer sentences under section 1326(b). See, e.g., United States v. Cardenas-Alvarez, 987 F.2d 1129, 1134 (5th Cir. 1993) (100-month sentence); United States v. Cupa-Guillen, 34 F.3d 860, 865 (9th Cir. 1994) (100-month sentence).