# United States Court of Appeals
## For the First Circuit

No. 01-1085

UNITED STATES OF AMERICA,

Appellee,

v.

GUILLERMO DEJESUS GOMEZ-ESTRADA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Selya, Circuit Judge,

Coffin, Senior Circuit Judge,

and Saris,* District Judge.

Leo T. Sorokin, Federal Defender Office, for appellant.
    Timothy Q. Feeley, Assistant United States Attorney, with
whom James B. Farmer, United States Attorney, was on brief, for
the United States.

November 27, 2001

_____
*Of the District of Massachusetts, sitting by designation.

**SELYA, Circuit Judge.** A federal grand jury charged defendant-appellant Guillermo DeJesus Gomez-Estrada with unlawful reentry (i.e., being an alien who, having been previously arrested and deported from the United States, was found therein without having received the express consent of the United States Attorney General to reapply for admission). The statute invoked by the grand jury, 8 U.S.C. § 1326, provides in the first instance for a maximum sentence of two years, id. § 1326(a), but makes provision for increases in that maximum in certain circumstances, id. § 1326(b). One such circumstance is when the defendant has been convicted of committing an "aggravated felony" prior to his unlawful reentry.[1] See id. § 1326(b)(2). In that event, the maximum penalty rises to twenty years.

The appellant eventually pled guilty to the single-count indictment. At the Rule 11 hearing, the government represented to the court that, prior to the appellant's initial deportation, he had been convicted of a drug-trafficking offense — an aggravated felony — in the United States District Court for the District of Rhode Island and sentenced to a ten-year incarcerative term. Although the appellant did not specifically

---

[1]By statute, the term "aggravated felony" includes crimes involving illicit trafficking in controlled substances. See 8 U.S.C. § 1101(a)(43)(B).

-3-

admit to the prior conviction, the district court nonetheless accepted his plea (warning him that he might face a sentence of up to twenty years). At the disposition hearing, the government repeated its representation and provided the court with appropriate documentation. Once again, the appellant did not admit to the prior conviction, but neither did he challenge the accuracy of the prosecutor's representation.

As said, the significance of the prior conviction is that it operates as a sentence-enhancer in the "unlawful reentry" context. Here, however, the appellant contested the power of the court to take the prior conviction into account. In this regard, he noted that it had neither been referenced in the indictment nor proven to a jury beyond a reasonable doubt. Thus, he contended, the Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), dictated that an enhanced sentence could not be imposed.

The sentencing court rejected this contention, deeming itself bound by the Supreme Court's antecedent decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998). Accordingly, the court gave weight to the prior conviction and imposed an enhanced sentence (forty months). This appeal ensued.

Before us, the appellant restates his _Apprendi_-based thesis. He starts with the general premise that, absent a waiver, _any_ fact increasing the statutory maximum penalty must be charged in an indictment and proven to a jury beyond a reasonable doubt. Although he acknowledges that the _Apprendi_ Court specifically carved out the fact of a prior conviction from the operation of this general premise, _see Apprendi_, 530 U.S. at 490, he asserts that this carve-out (and the Court's concomitant refusal to overrule _Almendarez-Torres_) was qualified. In his view, the _Apprendi_ Court limited the holding of _Almendarez-Torres_ to those cases in which a defendant actually admits to a prior felony conviction.

This, then, is the linchpin of the appellant's thesis. Because he avoided an explicit admission of the prior conviction, the appellant reasons, _Almendarez-Torres_ does not apply; _Apprendi_ governs unreservedly; and, accordingly, the maximum penalty that could have been levied in his case, absent a jury finding that he had previously been convicted of an aggravated felony, was the two-year (unenhanced) statutory maximum. _See_ 8 U.S.C. § 1326(a). Although we give the appellant high marks for ingenuity, we reject his argument.

In the first place, the _Apprendi_ Court, 530 U.S. at 489-90, made pellucid that it was not overruling _Almendarez-_

-5-

Torres; and we deem ourselves bound to follow the holding in Almendarez-Torres unless and until the Supreme Court abrogates that decision.  In so ruling, we align ourselves not only with precedent in this circuit, e.g., United States v. Johnstone, 251 F.3d 281, 286 n.7 (1st Cir. 2001); United States v. Terry, 240 F.3d 65, 73-74 (1st Cir.), cert. denied, 121 S. Ct. 1965 (2001), but also with an unbroken skein of cases from our sister circuits, e.g., United States v. Palomino-Rivera, 258 F.3d 656, 661 (7th Cir. 2001); United States v. Raya-Ramirez, 244 F.3d 976, 977 (8th Cir. 2001); United States v. Latorre-Benavides, 241 F.3d 262, 264 (2d Cir.) (per curiam), cert.  denied, 121 S. Ct. 2013 (2001); United States v. Guadamuz-Solis, 232 F.3d 1363, 1363 (11th Cir. 2000) (per curiam); United States v. Martinez-Villalva, 232 F.3d 1329, 1331 (10th Cir. 2000); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).

In the second place, there is simply no authority for the appellant's imaginative argument that Apprendi somehow limited the holding of Almendarez-Torres to only those unlawful reentry cases in which the defendant explicitly admits the commission of a prior aggravated felony.  The only court squarely to confront this argument has repudiated it, see United States v. Arellano-Rivera, 244 F.3d 1119, 1127 (9th Cir. 2001),

-6-

and several of our own post-Apprendi cases (such as Johnstone and Terry) involve defendants who appear to have made no such express admission. To cinch matters, the appellant's argument gives undue prominence to a stray reference in Almendarez-Torres. The unmistakable focus of that decision was section 1326(b) itself, measured against the requirements of the Constitution. See Almendarez-Torres, 523 U.S. at 226. In the critical portion of its opinion, the Almendarez-Torres Court never mentioned, let alone relied on, the defendant's admission of his prior convictions during the change-of-plea colloquy.[2]

We need go no further. We hold unequivocally that Apprendi neither overruled Almendarez-Torres nor limited Almendarez-Torres to cases in which a defendant admits a prior aggravated felony conviction on the record. To the contrary, when the Apprendi Court wrote that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," Apprendi, 530 U.S. at 490 (emphasis supplied), the Court meant exactly that. It follows inexorably that the district court appropriately

---

[2]The Almendarez-Torres Court referred to the defendant's "admission" anent his prior convictions only in the context of a far different issue — the quantum of proof required at sentencing. Almendarez-Torres, 523 U.S. at 248. That issue is not raised in this appeal.

enhanced the appellant's sentence for unlawful reentry on the basis of his prior conviction for an aggravated felony even though the existence of that conviction was not admitted by the appellant, nor charged in the indictment, nor proved to a jury beyond a reasonable doubt.

**Affirmed.**