[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1712

UNITED STATES,

Appellee,

v.

ANGEL O. IRIZARRY-CENTENO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

Luis Rafael Rivera on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on brief for appellee.

January 24, 2002

**Per Curiam**.  Angel O. Irizarry-Centeno challenges his conviction for conspiracy to possess with the intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841 and 846.  Specifically, Irizarry-Centeno claims that he received ineffective assistance of counsel because his attorneys failed to advise him that he faced a  mandatory life sentence if he rejected the government's plea offer and was convicted after a jury trial.  According to Irizarry-Centeno, if he had been aware of the potential for life imprisonment he would have accepted the government's plea offer.  In a supplemental brief, Irizarry-Centeno also contends that he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000) and further that his sentence is defective because the judge failed to adhere to the strict procedural requirements of 21 U.S.C. § 851(b).

To the extent that Irizarry-Centeno's claim that he was sentenced in violation of Apprendi rests on the fact that his two prior felony convictions were neither charged in the indictment nor presented to the jury, it is without merit. Apprendi applies only to facts *other than prior convictions* that are used to increase a sentence beyond the statutory maximum United States v. Gomez-Estrada, 273 F.3d 400, 402 (1st Cir.

2

2001).  To the extent that his <u>Apprendi</u> claim is founded on the fact that the drug quantity used to enhance his sentence was not presented to the jury and proved beyond a reasonable doubt, we conclude that there was no plain error, given the evidence that defendant was part of a multi-kilo drug operation and further that he never contested the quantity of drugs.  <u>See</u> <u>generally</u> <u>United States</u> v. <u>Duarte</u>, 246 F.3d 56, 64 (1st Cir. 2001). Nor is there any evidence in the record to support Irizarry-Centeno's claim that the district judge failed to follow the procedural requirements set forth in § 851(b).

As to his ineffective assistance of counsel claim, this circuit has held "with a regularity bordering on monotonous that fact-specific claims of ineffective assistance of counsel cannot make their debut on direct appeal of criminal convictions, but, rather must originally be presented to, and acted upon by, the trial court." <u>United States</u> v. <u>Mala</u>, 7 F.3d 1058, 1063 (1st Cir. 1993).  Although we have occasionally reviewed ineffective assistance claims on direct appeal, "we travel this route only when the critical facts are not in dispute and the record is sufficiently developed to allow reasoned consideration of the claim."  <u>Id</u>.

Notwithstanding Irizarry-Centeno's assertions to the contrary, the evidentiary record before us is far from

3

sufficiently developed. Other than Irizarry-Centeno's bare allegations during the sentencing hearing that he had not been advised of the information filed by the government nor the potential impact of the information on his sentence, the record is devoid of probative evidence bearing on his allegations. Consequently, any consideration of defendant's ineffective assistance claim by this court would be premature. Accordingly, we reject the claim, without prejudice to Irizarry-Centeno's right to raise it in a collateral proceeding. See 28 U.S.C. §2255.

Based on the foregoing, Irizarry-Centeno's conviction and sentence are affirmed.