# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ROBERT NICHOLAS COLE,
　　　　　*Defendant-Appellant.*

No. 01-4758

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-01-111)

Submitted: February 12, 2002

Decided: March 26, 2002

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James Wyda, Federal Public Defender, Paula Xinix, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Daphene R. McFerren, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Nicholas Cole pled guilty to unauthorized reentry of a deported alien, in violation of 8 U.S.C.A. § 1326 (West 1999). He received an enhanced sentence because his "removal was subsequent to a conviction for commission of an aggravated felony. . . ." 8 U.S.C. § 1326(b)(2). Cole was sentenced to fifty-six months imprisonment.

Cole appeals, claiming that his sentence should be vacated in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We conclude that *Apprendi* does not affect Cole's sentence. The Supreme Court held in *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), that § 1326(b)(2) sets forth a sentencing factor rather than an element of the offense. That decision has not been overruled. *See United States v. Latorre-Benavides*, 241 F.3d 262, 263-64 (2d Cir.), *cert. denied*, 121 S. Ct. 2013 (2001); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 531 U.S. 1202 (2001); *see also Columbia Union Coll. v. Clarke*, 159 F.3d 151, 158 (4th Cir. 1998) (stating lower courts should not presume Supreme Court has overruled one of its cases by implication, but must follow case law that directly controls unless clearly overruled by subsequent Supreme Court ruling).

Cole argues that the holding in *Almendarez-Torres* is limited to cases in which a defendant admits the prior aggravated felony. We conclude that this is not a meaningful distinction entitling him to relief. *See United States v. Gomez-Estrada*, 273 F.3d 400, 401 02 (1st Cir. 2001); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414-15 (9th Cir.), *cert. denied*, 121 S. Ct. 1503 (2001).

Cole has moved that we hold his case in abeyance pending the Supreme Court's decision in *Harris v. United States*, 243 F.3d 806 (4th Cir.), *cert. granted*, 122 S. Ct. 663 (Dec. 10, 2001). The United States opposes the motion. We deny Cole's motion and affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*