# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 01-2746

_____

United States of America,

        Appellee,

    v.

Sylvestre Kempis-Bonola, also known as Marcos Cadena-Lopez, also known as Antonio Moran-Baltazar, also known as Silvestre Bonala, also known as Silvestre Kempis, also known as Julio Cesar Rodriguez,

        Appellant.

Appeal from the United States
District Court for the
District of Minnesota.

_____

Submitted: December 13, 2001
Filed: April 19, 2002

_____

Before HANSEN,[1] Chief Judge, HEANEY and MURPHY, Circuit Judges.

_____

HANSEN, Circuit Judge.

_____

[1]The Honorable David R. Hansen became Chief Judge of the United States Court of Appeals for the Eighth Circuit on February 1, 2002.

Sylvestre Kempis-Bonola appeals both his conviction and sentence following his guilty plea to one count of unlawful reentry after deportation. We affirm.

In March 2001, a federal grand jury charged Kempis-Bonola with one count of unlawful reentry after deportation in violation of 8 U.S.C. § 1326(a) (authorizing a 2-year maximum term of imprisonment) and (b)(2) (raising the maximum sentence to 20 years for aliens with a prior aggravated felony conviction) (2000). The facts supporting this charge include that Kempis-Bonola was found in the United States after having been deported on four separate occasions in the past. Also, his criminal record demonstrates that prior to the initiation of any deportation proceedings, he had been convicted in California state court of two aggravated felony charges–a 1996 conviction for possession of cocaine base for sale and a 1995 conviction for the sale of cocaine base.

On the current charge, Kempis-Bonola entered into a negotiated plea agreement with the government in which he admitted to the conduct of illegal reentry, admitted that he had two prior aggravated felonies involving the sale of controlled substances, and agreed that this conduct subjected him to a maximum statutory penalty of 20 years of imprisonment. Kempis-Bonola agreed that a proper application of the federal sentencing guidelines would result in a sentencing range of 77 to 96 months of imprisonment. The plea agreement explicitly states that the defendant understands that by pleading guilty, he waives all rights "to appeal or to contest, directly or collaterally, his sentence on any ground, with the exception of the grounds of ineffective assistance of counsel, unless the Court should impose a sentence in violation of the law apart from the sentencing guidelines." (Appellant's Add. at B-7.)

The district court[2] accepted Kempis-Bonola's guilty plea and adopted the factual findings and sentencing guideline application as set forth in the presentence investigation report, including the sentencing range of 77 to 96 months, as agreed upon in the plea agreement. The district court then sentenced Kempis-Bonola at the bottom of the applicable sentencing range to a term of 77 months of imprisonment. Kempis-Bonola now appeals, arguing that § 1326(b)(2) violates his Sixth Amendment right to have all facts that increase the maximum penalty submitted to a jury and determined beyond a reasonable doubt.

Initially, the government argues that Kempis-Bonola has waived his right to appeal by pleading guilty. By entering an unconditional guilty plea, a criminal defendant waives the right to appeal all nonjurisdictional defects. United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001). In this case, however, Kempis-Bonola's guilty plea expressly reserved the right to challenge on appeal any issues that might arise if the district court "impose[d] a sentence in violation of the law apart from the sentencing guidelines." (Appellant's Add. at B-7.) Kempis-Bonola argues that this clause preserved his right to appeal the one issue he raises–that the district court imposed a sentence on the basis of a statute that violates his Sixth Amendment rights. We agree that this particular issue falls within the exception listed in the plea agreement, and consequently we find no waiver of this narrow issue.

We review Kempis-Bonola's constitutional challenge for plain error because he did not raise this issue before the district court. United States v. Letts, 264 F.3d 787, 789 (8th Cir. 2001), cert. denied, 122 S. Ct. 1211 (2002). Under plain error review, relief is not warranted unless the defendant demonstrates an error that is plain and that affects the defendant's substantial rights. Jones v. United States, 527 U.S. 373, 389 (1999); United States v. Olano, 507 U.S. 725, 732 (1993). The court then

---

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

has discretion to correct a forfeited error if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal quotations and alterations omitted).

Kempis-Bonola argues that § 1326(b)(2) violates the Sixth Amendment principles announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). In Apprendi, the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The crime of illegal reentry after deportation provides a 2-year maximum sentence pursuant to § 1326(a) for an alien who reenters the United States after having been deported. That maximum sentence is increased to 10 years pursuant to § 1326(b)(1) if the alien had a prior felony conviction, and to 20 years pursuant to § 1326(b)(2) if the alien had a prior aggravated felony conviction.[3] While a finding that the prior felony conviction qualifies as "aggravated" is a fact that can increase the defendant's sentence beyond the initially prescribed maximum sentence, the plain language of Apprendi excepts the fact of prior convictions from its holding. Therefore, there can be no Apprendi error in this case.

The Court in Apprendi did not overrule its decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which upheld the validity of the aggravated felony enhancement of § 1326(b)(2). United States v. Raya-Ramirez, 244 F.3d 976,

---

[3]The relevant definition of "aggravated felony" specifically includes the crime of "illicit trafficking in a controlled substance . . . including a drug trafficking crime." 8 U.S.C. § 1101(a)(43)(B). Kempis-Bonola admitted that he had two prior "aggravated felonies" that fit this description. Because he pleaded guilty and admitted all of the material facts, he has waived his right to challenge the district court's fact-findings and waived his right to a jury determination on all issues related to the prosecution. United States v. McIntosh, 236 F.3d 968, 975 (8th Cir.), cert. denied, 522 U.S. 1022 (2001).

4

977 (8th Cir.), cert. denied, 122 S. Ct. 223 (2001). The Almendarez-Torres Court held that in § 1326(b)(2), "Congress intended to set forth a sentencing factor . . . and not a separate criminal offense." 523 U.S. at 235. The Court reasoned in part that recidivism is a traditional basis for increasing an offender's sentence, id. at 243, and that making the jury aware that the defendant's prior felonies were "aggravated" carries a risk of unfair prejudice to the defendant that Congress would not have wanted to create, id. at 235. The Court in Apprendi expressly refused to revisit the Almendarez-Torres case. 530 U.S. at 489-90. Instead, the Court treated recidivism as a narrow exception to the general rule announced in the Apprendi decision. Id. at 490; see also United States v. Aguayo-Delgado, 220 F.3d 926, 932 n.4 (8th Cir.) ("The Court in Apprendi . . . retained an exception for recidivism."), cert. denied, 531 U.S. 1026 (2000).

Kempis-Bonola argues that under Apprendi, the continuing validity of the holding of Almendarez-Torres is questionable. Regardless of what the future may hold, the legal landscape today is clear: Almendarez-Torres has not been overruled. See United States v. Peltier, 276 F.3d 1003, 1006 (8th Cir. 2002) ("We must apply Supreme Court precedent as it stands, and that precedent does not require that either the existence or substance of [the defendant's] earlier convictions be submitted to a jury and proven beyond a reasonable doubt."). Existing precedent dictates that the "aggravated felony" consideration of § 1326(b)(2) is not a fact that must be submitted to a jury. Raya-Ramirez, 244 F.3d at 977 (rejecting the argument that the enhanced sentence of § 1326(b)(2) is unconstitutional where the aggravated felony was neither proved to a jury nor admitted through the defendant's guilty plea).

Kempis-Bonola attempts to distinguish the Almendarez-Torres case, which addressed the Fifth Amendment right to indictment by a grand jury, from his Sixth Amendment challenge to § 1326(b)(2) on the ground that a different constitutional amendment is at issue here. We find no merit to this attempted distinction in this case. The reason that there can be no reversal here based on Apprendi is because, as

we have already noted, the issue involves a prior conviction, and the holding of Apprendi expressly excepts the issue of recidivism from the rule it announced.  See United States v. Gomez-Estrada, 273 F.3d 400, 402 (1st Cir. 2001) (noting that when the Apprendi Court said "'[o]ther than the fact of a prior conviction' . . . the Court meant exactly that.")

Kempis-Bonola attempts to cast this case as something more than recidivism by asserting that the determination of whether a prior conviction is "aggravated" requires the finding of facts beyond the mere fact of conviction under this statute, and so Apprendi requires reversal in spite of Almendarez-Torres.  We reject this attempted characterization.  In a different but analogous context, we have specifically held that "a fact of prior conviction includes not only the fact that a prior conviction exists, but also a determination of whether a conviction is one of the enumerated types qualifying for the sentence enhancement."  United States v. Davis, 260 F.3d 965, 969 (8th Cir. 2001) (discussing enhancement under 18 U.S.C. § 3559(c), requiring a mandatory life sentence on the third conviction of a "serious violent felony"), cert. denied, 122 S. Ct. 909 (2002).  Rejecting the same argument in yet another recidivism context, the Second Circuit observed that "[j]udges frequently must make factual determinations for sentencing, so it is hardly anomalous to require that they also determine the 'who, what, when, and where' of a prior conviction."  United States v. Santiago, 268 F.3d 151, 156 (2d Cir. 2001) (considering 18 U.S.C. § 924(e)'s "different occasions" requirement for prior crimes).  We agree with the Second Circuit that it is entirely appropriate for judges to have "the task of finding not only the mere fact of previous convictions but other related issues as well."  Id. As the law stands now, the sentencing-related circumstances of recidivism are facts that may be found by the sentencing judge and are not within the scope of Apprendi's holding.  Accordingly, the statute to which Kempis-Bonola pleaded guilty does not violate the Sixth Amendment principles articulated in Apprendi, and the district court committed no error, plain or otherwise.

Kempis-Bonola's claim also fails on the ground that his sentence did not exceed the otherwise applicable statutory maximum sentence. In the absence of a finding that Kempis-Bonola's prior convictions were "aggravated" felonies under § 1326(b)(2), the 10-year statutory enhancement for a prior generic felony under § 1326(b)(1) would nevertheless apply. Because Kempis-Bonola's 77-month sentence is well within the 10-year range authorized for illegal reentry where the alien has a prior generic felony conviction, it is clear that the increased maximum sentence provided for an "aggravated" felony played no role in his actual sentence. See Aguayo-Delgado, 220 F.3d at 934 (finding it proper to apply the sentencing range that would have applied absent an improper fact-finding by the judge). Thus, Kempis-Bonola can show no Apprendi error and can make no showing that his substantial rights were affected by the application of § 1326(b)(2).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.