# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3755

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Felix Alvarez, | * | **[TO BE PUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 7, 2002

Filed: November 13, 2002

_____

Before BOWMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Felix Alvarez was charged and convicted of two drug trafficking counts, conspiring to distribute and possessing with intent to distribute a "detectable amount" of methamphetamine. The district court imposed concurrent sentences of 360 months and 240 months shortly after the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000). Alvarez appealed, and we remanded for resentencing because the statutory maximum sentence where no drug quantity has been found by the jury is 240 months, see 21 U.S.C. § 841(b)(1)(C), and "Apprendi held that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed

statutory maximum must be submitted to a jury and found beyond a reasonable doubt." United States v. Alvarez, 254 F.3d 725, 727 (8th Cir. 2001). On remand, the district court[1] imposed a sentence of 240 months on each count, the statutory maximum. However, applying U.S.S.G. § 5G1.2(d), the court made 22 months of the second 240-month sentence consecutive to the first, so that the combined sentence was within Alvarez's 262-327 month Guidelines sentencing range. Alvarez appeals, raising a number of sentencing issues. We affirm.

On appeal, Alvarez urges us to construe Apprendi, "through good faith extension," as invalidating the Sentencing Guidelines to the extent they permit a sentencing court to make drug quantity findings based upon a preponderance of the evidence. Thus, in this case, he argues that the drug quantity for both counts of conviction must be limited to 2.4 grams of methamphetamine, because that is the quantity the jury "had before it." Similarly, he argues that the district court committed plain error in adding a two-level firearm enhancement under § 2D1.1(b)(1) because the indictment did not charge, and the jury did not find, that he possessed a firearm in connection with the drug offenses. Recently, we have squarely rejected these contentions. "Use of judicially determined drug quantity [or other sentencing factors such as use of a firearm] as a basis for sentencing is permissible . . . so long as the defendant's sentence does not exceed the statutory maximum sentence available for . . . the offense simpliciter." United States v. Diaz, 296 F.3d 680, 682 (8th Cir. 2002) (en banc); see generally Harris v. United States, 122 S. Ct. 2406, 2419-20 (2002).

Alvarez further argues that Apprendi presaged the overruling of Almendarez-Torres v. United States, 523 U.S. 224 (1998), and therefore the district court committed plain error in sentencing him as a career offender when his prior

_____

[1]The HONORABLE RICHARD G. KOPF, Chief Judge of the United States District Court for the District of Nebraska.

convictions were not submitted to the jury as an element of his offenses. However, the Court in <u>Apprendi</u> declined to overrule <u>Almendarez-Torres</u>. Indeed, "the fact of a prior conviction" was expressly excluded from the holding in <u>Apprendi</u>. 530 U.S. at 490. Unless and until the Court overrules <u>Almendarez-Torres</u>, we must follow it. Thus, the district court did not err in sentencing Alvarez as a career offender.

After the district court resentenced Alvarez to a total of 262 months in prison, the bottom of his sentencing range, this court en banc held that U.S.S.G. § 5G1.2(d) "requires that if the maximum sentence allowed under any one count does not reach the total punishment as calculated under the guidelines, the district court must impose consecutive sentences on the multiple counts until it reaches a sentence equal to the total punishment calculation." <u>Diaz</u>, 296 F.3d at 684. The district court's decision was consistent with this subsequent ruling, and accordingly its judgment must be affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.