## UNITED STATES of America, Appellee,

v.

## Wilton Antonio CERNA–SALGUERO, also known as Juan Antonio Reyes, Appellant.

### No. 04–3474.

United States Court of Appeals, Eighth Circuit.

Submitted: Jan. 18, 2005.

Filed: March 3, 2005.

Terry Wright, Des Moines, IA, for appellant.

William C. Purdy, AUSA, Des Moines, IA, for appellee.

Before MORRIS SHEPPARD ARNOLD, FAGG, and GRUENDER, Circuit Judges.

### PER CURIAM.

Wilton Antonio Cerna–Salguero pleaded guilty to one count of being an illegal alien found in the United States following deportation in violation of 8 U.S.C. § 1326(a). The district court * increased Cerna–Salguero's sentence under 8 U.S.C. § 1326(b)(2), which provides a maximum sentence of twenty years if the alien had an earlier aggravated felony conviction.

Cerna–Salguero appeals arguing § 1326(b)(2) is a separate crime and thus he has a Sixth Amendment right to a jury trial for violating and being sentenced under the statute. Cerna–Salguero acknowledges the Supreme Court rejected this argument in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and declined to revisit *Almendarez–Torres* in *Apprendi v. New Jersey*, 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Cerna–Salguero also acknowledges we have continued to follow *Almendarez–Torres* after *Apprendi*. *United States v. Perez–Perez*, 337 F.3d 990, 997 (8th Cir.2003) (stating plain language of *Apprendi* excepts the fact of earlier convictions from its holding, and thus § 1326(b)(2) does not violate the Sixth Amendment); *United States v. Alvarez*, 320 F.3d 765, 767 (8th Cir.2002) (stating we must follow *Almendarez–Torres* until overruled by the Supreme Court); *United States v. Kempis–Bonola*, 287 F.3d 699, 702 (8th Cir.2002) (having refused to revisit *Almendarez–Torres* in *Apprendi*, "the legal landscape is clear: *Almendarez–Torres* has not been overruled"). Cerna–Salguero candidly acknowledges in his brief that his claim has been rejected by the Supreme Court and "unless pending [guidelines] cases change

---

* The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

the law" his appeal fails. The Supreme Court has now decided these cases, and in so doing the Court did not overrule *Almendarez–Torres. See United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005).

We thus reject Cerna–Salguero's Sixth Amendment challenge to his sentence, and affirm. *See* 8th Cir. R. 47A(a).