# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2176

_____

United States of America,                    *
                                              *
             Appellee,                        *
                                              *
      v.                                      *
                                              *
Solomon L. Coffey, also known as              *
Solomon Murray, also known as Box,            *
                                              *
             Appellant.                       *

_____

No. 04-2247

_____

United States of America,                    *
                                              *
             Appellee,                        *
                                              *
      v.                                      *
                                              *
Solomon L. Coffey, also known as              *
Levell Coffey, also known as                  *
Levell Murray,                                *
                                              *
             Appellant.                       *

Appeals from the United States
District Court for the
District of Nebraska.

_____

Submitted:  June 22, 2005
     Filed:  July 25, 2005

_____

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Solomon L. Coffey appeals from the sentence imposed on him following his conviction for conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 846. We affirm.

**I.**

The district court[1] found by a preponderance of the evidence that Coffey was responsible for 2.7 kilograms of crack cocaine. This finding increased Coffey's offense level from 32 (with a sentencing range of 168-210 months) to 38 (with a sentencing range of 324-405 months). The district court sentenced him to 324 months' imprisonment, a five-year term of supervised release, and a $100 special assessment.[2]

We affirmed Coffey's conviction but remanded for resentencing after concluding that his objection at sentencing to the sufficiency of the government's evidence of drug quantity was sufficient to preserve a constitutional claim that his sentence violated United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Coffey, 395 F.3d 856 (8th Cir. 2005). Thereafter, our court granted the government's petition for rehearing en banc and vacated the opinion and judgment.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

[2]The district court also sentenced Coffey to 30 months' imprisonment for violating the conditions of supervised release following the completion of his sentence for an earlier conviction. We need not consider the thirty-month sentence in our analysis because it runs concurrently with the longer sentence for the conspiracy conviction.

The en banc court has now remanded Coffey's appeal to this panel for plain error review of his sentencing challenge in the light of United States v. Pirani, 406 F.3d 543 (8th Cir. 2005) (en banc).[3]

## II.

We conduct plain error review under the four-part test of United States v. Olano, 507 U.S. 725 (1993). Pursuant to that test, before we can correct an error not raised at trial, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. Johnson v. United States, 520 U.S. 461, 466-67 (1997). If all three conditions are met, we may remedy the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

The district court's enhancement based on drug quantity was erroneous in light of Booker because it was imposed on the basis of judge-found facts in a mandatory guidelines regime. In these circumstances, the first two Olano factors are satisfied. See Pirani, 406 F.3d at 550. Whether the error affected Coffey's substantial rights is another matter. To satisfy this factor, "the defendant must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." Id. at 552. Although the district court sentenced Coffey at the low end of the sentencing range, that is "the norm for many judges" and "is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the Booker error." Id. at 553. Coffey argues in his supplemental brief that his personal circumstances (which he contends include parenthood, engagement, and efforts toward rehabilitation) suggest that the district court would have imposed a lesser sentence. This argument is unavailing, particularly given the absence of any discussion of Coffey's personal

---

[3]Pirani makes clear that Coffey's objection to the sufficiency of the evidence was insufficient to preserve a Booker claim. See Pirani, 406 F.3d at 550.

circumstances by the district court. Accordingly, we conclude that Coffey has not demonstrated prejudicial plain error.

The judgment of conviction is reinstated and the sentence is affirmed.

HEANEY, Circuit Judge, concurring.

I recognize we are bound by our circuit's en banc decision in United States v. Pirani, 406 F.3d 543 (8th Cir. 2005), and therefore concur in the majority's opinion. I write separately to underscore my view, as stated in my dissent in Pirani, that Coffey's sentencing objection was sufficient to preserve his Sixth Amendment sentencing challenge. See Pirani, 406 F.3d at 555-62.

The Pirani majority opined that only specific objections, those in which the defendant explicitly mentions either the Sixth Amendment, Apprendi v. New Jersey, 530 U.S. 466 (2000), or Blakely v. Washington, 542 U.S. 296 (2004), preserve a Booker[4] claim for appellate review. Pirani, 406 F.3d at 549. Obviously, Coffey could not have objected on the basis of Blakely; that decision was not issued at the time of his sentencing. Thus, as I understand the Pirani majority, Coffey could only save his Booker issue for appeal by asserting that the district court could not increase his guidelines sentence due to drug quantities not proven to a jury beyond a reasonable doubt, because Apprendi and/or the Sixth Amendment prohibited such action. But soon after Apprendi was issued, our circuit was quick to "squarely reject[]" the view that Apprendi rendered guideline enhancements based on judge-found facts unconstitutional. United States v. Alvarez, 320 F.3d 765, 766-67 (8th Cir. 2002) (citing United States v. Diaz, 296 F.3d 680 (8th Cir. 2002) (en banc)).

---

[4]United States v. Booker, 125 S. Ct. 738 (2005).

In this case, Coffey objected to the district court increasing his mandatory guidelines sentence on the basis of the evidence before it, asserting that it was insufficient to establish any drug quantity. This is *precisely* what Justice Stevens's majority opinion in <u>Booker</u> found to be problematic with the guidelines: that it was a system of mandatory sentencing in which a defendant's sentence increased based on evidence never proven to a constitutionally acceptable standard of proof. <u>Booker</u>, 125 S. Ct. at 756. Still, according to the <u>Pirani</u> majority and the en banc court which returned Coffey's case for plain error review, this type of objection is not enough.

So Coffey challenged his mandatory guidelines sentence in district court for essentially the same reason that the <u>Booker</u> court found the guidelines unconstitutional, yet that objection was not specific enough to preserve his <u>Booker</u> claim. Instead, the <u>Pirani</u> majority required Coffey to either cite a case–<u>Blakely</u>–that was not yet law, or rely on <u>Apprendi</u> or the Sixth Amendment, which had been held by our court en banc to have no application to the guidelines. Where could such an absurd result stand? Justice Scalia might reply, "Only in Wonderland." <u>Booker</u>, 125 S. Ct. at 793 (Scalia, J., dissenting).

Coffey did everything reasonably necessary to preserve his Sixth Amendment sentencing claim for our review. If not for our court's decision in <u>Pirani</u>, I would adhere to our initial panel determination on this issue and allow the district court the opportunity to resentence Coffey under a constitutional sentencing regime.

———————————————————