HEANEY, Circuit Judge,
concurring.
I recognize we are bound by our circuit’s en banc decision in United States v. Pirani, 406 F.3d 543 (8th Cir.2005), and therefore concur in the majority’s opinion. I write separately to underscore my view, as stated in my dissent in Pirani, that Coffey’s sentencing objection was sufficient to preserve his Sixth Amendment sentencing challenge. See Pirani, 406 F.3d at 555-62.
The Pirani majority opined that only specific objections, those in which the defendant explicitly mentions either the Sixth Amendment, Apprendi v. New Jer *885 sey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), preserve a Booker[4] claim for appellate review. Pirani, 406 F.3d at 549. Obviously, Coffey could not have objected on the basis of Blakely; that decision was not issued at the time of his sentencing. Thus, as I understand the Pirani majority, Coffey could only save his Booker issue for appeal by asserting that the district court could not increase his guidelines sentence due to drug quantities not proven to a jury beyond a reasonable doubt, because Apprendi and/or the Sixth Amendment prohibited such action. But soon after Apprendi was issued, our circuit was quick to “squarely reject[ ]” the view that Apprendi rendered guideline enhancements based on judge-found facts unconstitutional. United States v. Alvarez, 320 F.3d 765, 766-67 (8th Cir.2002) (citing United States v. Diaz, 296 F.3d 680 (8th Cir.2002) (en banc)).
In this case, Coffey objected to the district court increasing his mandatory guidelines sentence on the basis of the evidence before it, asserting that it was insufficient to establish any drug quantity. This is precisely what Justice Stevens’s majority opinion in Booker found to be problematic with the guidelines: that it was a system of mandatory sentencing in which a defendant’s sentence increased based on evidence never proven to a constitutionally acceptable standard of proof. Booker, 125 S.Ct. at 756. Still, according to the Pirani majority and the en banc court which returned Coffey’s case for plain error review, this type of objection is not enough.
So Coffey challenged his mandatory guidelines sentence in district court for essentially the same reason that the Booker court found the guidelines unconstitutional, yet that objection was not specific enough to preserve his Booker claim. Instead, the Pirani majority required Coffey to either cite a c&se-Blakely-th&t was not yet law, or rely on Apprendi or the Sixth Amendment, which had been held by our court en banc to have no application to the guidelines. Where could such an absurd result stand? Justice Scalia might reply, “Only in Wonderland.” Booker, 125 S.Ct. at 793 (Scalia, J., dissenting).
Coffey did everything reasonably necessary to preserve his Sixth Amendment sentencing claim for our review. If not for our court’s decision in Pirani, I would adhere to our initial panel determination on this issue and allow the district court the opportunity to resentence Coffey under a constitutional sentencing regime.

. United States v. Booker, -U.S. -, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).