# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 05-3468

—————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Martin Espinoza-Naranjo, also known | * | [UNPUBLISHED] |
| as George Gonzales, also known as | * | |
| George Gonzalez, | * | |
| | * | |
| Appellant. | * | |

—————

Submitted: May 18, 2006
Filed: May 26, 2006

—————

Before MURPHY, BEAM, and BENTON, Circuit Judges.

—————

PER CURIAM.

Appellant Espinoza-Naranjo pleaded guilty to illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326(b)(2). The indictment alleged that this offense occurred subsequent to an aggravated felony conviction– possession of cocaine for sale–as described by 8 U.S.C. § 1101(a)(43)(B). The presentence investigation report (PSR) prepared by the United States probation officer calculated a sixteen-level increase to the base offense level of eight based upon the prior felony conviction. The suggested guideline sentence in the PSR was seventy-seven to ninety-six months. Appellant objected to the suggested sixteen-level increase prior

to sentencing. The district court[1] adopted the recommendation set forth in the PSR, gave Appellant credit for time served in state prison, and imposed a forty-two month sentence of imprisonment.

Citing Shepard, Booker, Blakely, and Apprendi, Appellant argues that the district court made findings of fact by a preponderance of the evidence when it enhanced Appellant's sentence based upon his alleged criminal history and that such factfinding violated his Sixth Amendment right to be judged by a jury of his peers, as well as his due process rights under the Fifth Amendment. Shepard v. United States, 544 U.S. 13 (2005); United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004); Apprendi v. New Jersey, 530 U.S. 466 (2000).

We are bound by our precedent in United States v. Cerna-Salguero, 399 F.3d 887 (8th Cir.), cert. denied, 125 S. Ct. 2936 (2005), which clearly recognizes the Supreme Court's rejection of Appellant's arguments. "'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" Id. (quoting Apprendi 530 U.S. at 489-90). And, contrary to Appellant's argument, the Supreme Court has not overruled Apprendi nor Almendarez-Torres v. United States, 523 U.S. 224 (1998).

Finally, Appellant's guilty plea to a section 1326(b)(2) offense precludes his arguments because pleading guilty to a violation of section 1326(b)(2) is tantamount to admitting that his removal was preceded by a conviction of an aggravated felony. "[I]n the case of any alien described in such subsection whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

be fined under such Title, imprisoned not more than 20 years, or both." 8 U.S.C. § 1326(b)(2) .

     We thus reject Appellant's constitutional challenges to his sentence, and affirm.

_____